UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

    Palace Theater, LLC                             Case No. 21-11714
                                                           Chapter 11

                          Debtor.

## NOTICE AND APPLICATION FOR EMPLOYMENT OF COUNSEL TO THE DEBTOR

Palace Theater, LLC, the Debtor and Debtor-in-Possession in this case (hereinafter "Debtor"), hereby requests entry of an order authorizing it to employ the law firm Steinhilber Swanson LLP as its general bankruptcy counsel in this case.  In support of this Application, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 US.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327(a), 328 and 330, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

### Background

3. On August 16t, 2021, an Order for Relief under Chapter 11 of the Bankruptcy Code was entered in this case.  Since that time, the Debtor has remained in possession of its property and is operating its business as Debtor-in-Possession, pursuant to §§ 1107(a), 1108, and 1184 of the Bankruptcy Code.

4. No unsecured creditors committee, trustee or examiner has been appointed in this case.

**Requested Relief**

5. The Debtor desires to retain and employ Steinhilber Swanson LLP (hereinafter "Steinhilber") as its counsel in the Case. The Debtor has determined that Steinhilber has the resources and experience necessary to represent it in this case. Steinhilber has experience representing debtors and has familiarity with complex reorganization cases. Given the nature of this case, the Debtor believes that retention of Steinhilber is appropriate and necessary.

6. By this Application, the Debtor respectfully requests that this Court enter an Order authorizing it to employ and retain Steinhilber as its counsel, pursuant to §§ 327(a), 328 and 330 of the Bankruptcy Code.

**Scope of Employment**

7. Local Rule 2014 of the Bankruptcy Court for this district "must include a specific recitation of the anticipated services to be rendered together with the proposed method of calculating the compensation." Steinhilber shall act as general counsel to the Debtor-in-Possession, which shall include performing such legal services as may be required under the circumstances of the case that are deemed to be in the interests of the Debtor-in-Possession as set forth in the Bankruptcy Code. The specific professional services that the Debtor expects that Steinhilber will be called upon to render include, but shall not be limited to, the following:

   a. preparing bankruptcy schedules and statements;
   b. assisting in preparing the plan of reorganization and attendant negotiations and hearings which are expected to be complex and time consuming given the facts of this case. Additionally, there may be complex negotiations for the sale of the debtor's assets in conjunction with the potential sale of the operating entities given pre-petition interest exhibited by interested parties.

    c. preparing and reviewing pleadings, motions and correspondence;

    d. appearing at and being involved in various proceedings before this Court, including without limitation prosecuting an Adversary Proceeding requesting relief for the debtor's sister company, 94 North, LLC in the form of an injunction precluding creditors from pursuing this non-debtor obligor which acts as the Production Company for the theater.

    e. handling case administration tasks and dealing with procedural issues;

    f. assisting the Debtor-in-Possession with the commencement of DIP operations, including the 341 Meeting and monthly reporting requirements; and

    g. analyzing claims and prosecuting claim objections.

## Compensation

8. Compensation will be calculated based on the work performed, billed at the hourly rates of the attorneys and paraprofessionals of the firm, plus reimbursement of the actual and necessary expenses Steinhilber incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, photocopies, postage, mileage (charged at the IRS rate in effect on the date of travel), courier service, computer assisted research, docket and court filing fees, document retrieval fees, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other Steinhilber clients.

9. The hourly rates of attorneys and paraprofessionals of the firm who are expected to perform work on this file currently range from $140.00 - $575.00 per hour. All attorney and paraprofessional rates are subject to periodic increase.

10. Based on the estimates of Counsel, total fees and costs for the Debtor's bankruptcy counsel may range up to or beyond $100,000.00, however this estimate is given for informational

purposes only, and is not a cap on fees. The Debtor reserves the right to request that counsel perform necessary or appropriate services without regard to such estimate or whether such services are specifically listed above if such services are deemed necessary in the prosecution of this case.

### Steinhilber Does Not Hold or Represent Any Adverse Interest

11. In support of this Application, Debtor submits the Affidavit of Paul G. Swanson, lead counsel to the Debtor, which is attached hereto as Exhibit A and is incorporated herein by reference.

12. To the best of the Debtor's knowledge, based upon the Affidavit of Paul G. Swanson, Steinhilber (a) does not hold or represent any interest adverse to the Debtor or its Chapter 11 estate, its creditors, or any other party in interest and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Because Steinhilber is a firm with offices in Oshkosh and Madison, with active representation in the Madison and Milwaukee area, the Debtor is aware that Steinhilber may represent, or may have represented, certain creditors of the Debtor's estate or other parties-in-interest in matters unrelated to the Debtor or this case.

### Notice

13. Pursuant to Local Rule 2014, notice of this application must be served upon the United States Trustee, the debtor, the debtor's attorney, the attorney for any committee appointed under the Code, and any other person designated by the Court.

14. The Debtor asserts that notice has been provided to all required parties through the filing of this application via the Court's CM/ECF system, and by service on the Debtor as specified in the attached Certificate of Service, and requests that if no objection or request

for hearing is filed within **14 days of the filing of this Application**, that the Court grant the relief requested, but no such order shall be entered prior to 21 days from the Petition Date, pursuant to F.R.B.P. 6003.

15. Subject to this Court's approval of this Application, Steinhilber has indicated that it is willing to serve as the Debtor's counsel in the case and to perform the services described above.

WHEREFORE, the Debtor requests an Order (a) granting this Application, (b) authorizing it to retain and employ Steinhilber Swanson LLP in this case, and (c) granting such other and further relief as this Court may deem just and proper.

Dated this 16th day of August, 2021.    PALACE THEATER, LLC

By: _____*/s/ Anthony Tomaska*_____
Anthony Tomaska, Member

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

    Palace Theater, LLC                            Case No. 21-11714
                                                                    Chapter 11

                    Debtor.

**EXHIBIT A**
**AFFIDAVIT OF PAUL G. SWANSON PURSUANT TO F.R.B.P. 2014(a) AND IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF COUNSEL TO THE DEBTOR**

STATE OF WISCONSIN    )
                                   ) SS
WINNEBAGO COUNTY    )

Paul G. Swanson, being first duly sworn, on oath deposes and says:

1. I am a member of the law firm of Steinhilber Swanson LLP. My mailing address is:

    Steinhilber Swanson LLP
    107 Church Avenue
    Oshkosh, WI 54901

2. I will act as lead counsel for the Debtor on this case.

3. The members of Steinhilber Swanson LLP are attorneys at law duly admitted to practice before this court and other necessary state and federal courts in this jurisdiction.

4. To the best of my knowledge, information and belief, this law firm, including all members and staff thereof, is a disinterested person within the meaning of 11 U.S.C. § 101(14) and is eligible to serve as counsel for the Debtor pursuant to the provisions of 11 U.S.C. § 327.

5. This firm has received $125,000.00 in retainers from the Debtor[1] for pre-petition preparation, analysis of reorganization, and pre-petition expenses (hereinafter the "Retainer"). Of this

---

[1] $25,000 was received by check drawn on the account of 94 North Productions, LLC. The Debtor credited this $25,000 as a lease payment due from 94 North Productions, LLC to Debtor.

Page 1

retainer, $50,018.00 was applied against pre-petition fees and costs, and $74,982.00 is held in trust, pending authorization by the Bankruptcy Court of post-petition fees and costs in this case.

6. This law firm, its members and staff, do not have any connections with the Debtor, creditors or any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee with the exception of the following:

   a. Paul G. Swanson and Virginia E. George serve as Chapter 7 panel trustees for the United States Trustee, and, therefore, are connected to that office.

   b. The attorneys of this firm have had connections with many of the attorneys in (or expected to appear in) this case, in other cases, but have never been co-counsel with them.

   c. The firm also intends to represent the interests of 94 North Productions, LLC, a foreign limited liability company related to the Debtor, in this proceeding. Said interests align with those of the Debtor and, as such, there is no conflict in representing both parties in this Chapter 11 case.

7. I have performed a conflicts check using our firm's client management software, and have identified no conflicts. I have also reviewed the list of creditors and parties in interest in this case and have identified no other conflicts. I am not aware of any other connections with the Debtor, any creditor or any other party in interest or their respective attorneys and accountants or the United States Trustee or any person employed in the Office of the United States Trustee in any way except as described in number 6, above.

8. I declare under penalty of perjury that the foregoing is true and correct.

                                          */s/ Paul G. Swanson*
                                          Paul G. Swanson

Subscribed and sworn to before me
this 16th day of August, 2021.

*/s/ Heather Saladin*
Heather Saladin, Notary Public
State of Wisconsin
My commission expires 04-21-2025