UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

    Palace Theater, LLC                            Case No. 21-11714
                                                                    Chapter 11

                                  Debtor.

### NOTICE AND APPLICATION BY DEBTOR FOR AUTHORITY TO EMPLOY MARTIN J. COWIE AS ACCOUNTANT FOR THE ESTATE

NOW COMES Palace Theater, LLC, the Debtor and Debtor in possession in this case, by attorneys, Steinhilber Swanson LLP, by Attorney Paul G. Swanson, and applies to the Court for authority to employ a professional person, pursuant to 11 U.S.C. §§ 327(a) and 330, and Rule 2014, and in support thereof alleges as follows:

1. On August 16, 2021, an Order for Relief under Chapter 11 of the Bankruptcy Code was entered in this case.  Since that time, the Debtor has remained in possession of its property and is operating its business as Debtor in possession, pursuant to §§1107, 1108 and 1184 of the Bankruptcy Code.

2. The Debtor desires to employ Martin J. Cowie (hereinafter "Applicant") in the professional capacity of Accountant for the estate.

3. The professional services to be rendered are as follows:

    a. Compile monthly reports, perform projection and financial analysis, work on financial aspects of the reorganization.

4. The hourly rate for said professional services shall be $185.00 per hour.  All professionals employed by Debtor understand and agree to keep detailed records of all time spent on these matters.

5. Applicant is experienced in the matters for which it is to be employed and is qualified to represent the Debtor.

6. The Debtor has made efforts to obtain comparable services at a lower cost, but has determined that the rates charged by Applicant are comparable and reasonable given the work to be performed.

7. The Debtor believes that Applicant is qualified for the reasons set forth above to act as Accountant for the estate. Therefore, the Debtor believes it is in the best interest of the estate to employ Applicant as a professional to perform the services as set forth at the cost set forth.

8. The Debtor has read the attached Declaration in Support of this Application, made pursuant to F.R.B.P. 2014, and to the best of its knowledge, believes the Affidavit to be true and correct.

9. No fees shall be paid to Applicant except upon proper application to and approval by the Court.

**Notice of Application**

10. Pursuant to Local Rule 2014, notice of this application must be served upon the United States Trustee, the Debtor, the Debtor's attorney, the attorney for any committee appointed under the Code, and any other person designated by the Court.

11. The Debtor asserts that notice is hereby provided by the filing of this application via the Court's CM/ECF system, and any objections hereto must be filed **within 14 days of today's date**.

WHEREFORE, the Debtor requests an Order authorizing the employment of the above referenced professional in accordance with the terms and provisions of this application.

Dated this 16th day of August, 2021.          STEINHILBER SWANSON LLP

                                                            By:       */s/ Paul G. Swanson*
                                                                    Paul G. Swanson
                                                                    Attorney for the Debtor
                                                                    107 Church Avenue
                                                                    Oshkosh, WI 54901
                                                                    Tel: (920) 235-6690; Fax: (920) 426-5530

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>    Palace Theater, LLC<br><br>                      Debtor. | Case No. 21-11714<br>Chapter 11 |

## DECLARATION IN SUPPORT OF APPLICATION BY DEBTOR FOR AUTHORIZATION TO EMPLOY MARTIN J. COWIE AS ACCOUNTANT FOR THE ESTATE

NOW COMES Martin J. Cowie, who makes the following statement under penalty of perjury:

1. I received an accounting degree from the University of Wisconsin –Madison in 1975, passed the CPA exam in 1976, became a licensed CPA in 1981 (inactive in 1989), worked for certified public accounting firms from 1977 through 2003 performing audit, tax and consulting services, have worked as an independent business consultant from 2004 to the present performing forensic accounting, financial reorganization, merger and acquisition services, and bankruptcy support. I am presently providing bankruptcy support services for bankruptcy cases in both the WESTERN and Western districts of Wisconsin for clients represented by Steinhilber Swanson LLP ("Steinhilber").

2. I have business offices located at 5162 Island View Drive, Oshkosh, WI 54901.

3. The Debtor has asked that I perform the professional services as set forth on the Debtor's application for employment on behalf of the estate. I am experienced and qualified in the matters for which I am to be employed as set forth in the Application.

4. I am not:

    a. a creditor, an equity security holder or an insider of the Debtor;

    b. an investment banker for any outstanding security of the Debtor;

    c. and have not been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the Debtor, or an attorney for an investment banker in connection with securities of the Debtor;

    d. and have not been, within the two years before the date of the filing of the petition in this case, a director, officer, or employee of the Debtor or an investment banker specified in subparagraph b or c; or

    e. in a position materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraph b or c, or for any other reason.

5. To the best of my knowledge, I do not hold or represent any interest adverse to the interest of the estate. I do not have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

    a. I have been or am presently employed as a professional in other cases in which Steinhilber was or is debtor's counsel, and have worked or am working with Steinhilber on other financial workout matters outside of bankruptcy as well

6. I have not shared or agreed to share, and will not share or agree to share, any compensation paid in connection herewith with any other person.

7. I have received a retainer in the amount of 35,000.00 for work performed up to the filing of the petition and thereafter.  Of this retainer,$10,360.00 was applied against pre-petition fees and costs, and $24,640.00 is held in trust, pending authorization by the Bankruptcy Court of post-petition fees and costs in this case.

8. The rates to be charges are as follows: $185.00 per hour.  I understand that I must keep detailed records of time and expenses.

I verify, under penalty of perjury, that the foregoing is true and correct.

Executed on August 16, 2021.

By:    */s/ Martin J. Cowie*
Martin J. Cowie