**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

In re:

    Palace Theater, LLC                                 Case No. 21-11714
                                                                             Chapter 11

                               Debtor.

**NOTICE AND APPLICATION BY DEBTOR FOR AUTHORITY TO EMPLOY HARNEY PARTNERS AS FINANCIAL ADVISOR FOR THE ESTATE**

NOW COMES Palace Theater, LLC, the Debtor and Debtor in possession in this case, by attorneys, Steinhilber Swanson LLP, by Attorney Paul G. Swanson, and applies to the Court for authority to employ a professional, pursuant to 11 U.S.C. §§ 327(a), 328(a) and 330, and Rule 2014, and in support thereof alleges as follows:

1. On August 16, 2021, an Order for Relief under Chapter 11 of the Bankruptcy Code was entered in this case. Since that time, the Debtor has remained in possession of its property and is operating its business as Debtor in possession, pursuant to §§1107, 1108 and 1184 of the Bankruptcy Code.

2. The Debtor desires to employ HMP Advisory Holdings, LLC, dba Harney Partners (hereinafter "HP") in the professional capacity of financial advisor for the estate.

3. The professional services to be rendered are as follows[1]:

    a. Compile monthly reports, perform projection and financial analysis, work on financial aspects of the reorganization;

    b. Assist Debtor and Debtor's counsel in evaluating strategies for the reorganization;

---

[1] Attached as Exhibit A to this Application is an engagement letter between Debtor and HP ("Financial Advisory Engagement Letter"). The services, compensation, and other terms of HP's engagement are being provided herein in summary form only and are not intended to supplant the Financial Advisory Engagement Letter. To the extent there are any inconsistencies between the body of this Application and the attached Financial Advisory Engagement Letter, the Financial Advisory Engagement Letter controls unless otherwise stated.

    c. If requested by Debtors or Debtors' counsel, HP will negotiate with various stakeholders of the Debtor, including but not limited to, secured and unsecured creditors, regarding the possible financial restructuring of such stakeholders' claims or interests in the Debtor; and

    d. HP will undertake such other activities as are approved by the Debtor or Debtor's counsel and agreed to by HP.

4. All professionals employed by Debtor understand and agree to keep detailed records of all time spent on these matters. Except as otherwise set forth below, HP shall be paid by the Debtor at HP's customary hourly billing rates, which will fall within the following ranges:

| Position | Rate per Hour |
|---|---|
| President / Executive Vice President/ COO | $500 – 600 |
| Managing Director | $400 – 500 |
| Senior Manager / Director | $300 – 400 |
| Manager | $250 – 350 |
| Senior Consultant | $175 – 300 |
| Support Staff | $80 – 200 |

The aforementioned rates and ranges are subject to modification at such time as HP adjusts its rates generally, but no more often than every six months.

For this engagement, HP has agreed to the following hourly rates for the following individuals, who are expected to perform most of the services hereunder:

- Mac Rowland, Managing Director, $375 per hour.

- Cody Clarke, Senior Consultant, $225 per hour

Jim Keane, Chief Operating Officer, will also provide services under this engagement at a discounted rate of $450 per hour.  HP may use other professionals as necessary, at HP's standard rates set forth above.

5. In addition, HP will be reimbursed for the reasonable out-of-pocket expenses of its professionals incurred in connection with its services, such as travel, lodging, mileage, rental cars, and photocopying.  All fees and expenses due to HP will be billed in accordance with any interim compensation orders entered by the Court, and the relevant sections of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6. HP is experienced in the matters for which it is to be employed and is qualified to represent the Debtor.

7. The Debtor has determined that the rates charged by HP are comparable and reasonable given the nature of the services to be provided.

8. The Debtor believes that HP is qualified for the reasons set forth above to act as financial advisor for the estate.  Therefore, the Debtor believes it is in the best interest of the estate to employ HP as a professional to perform the services as set forth at the cost set forth.

9. The Debtor has read the attached Declaration in Support of this Application, made pursuant to F.R.B.P. 2014, and to the best of its knowledge, believes the Affidavit to be true and correct.

10. No fees shall be paid to HP except upon proper application to and approval by the Court.

## Notice of Application

11. Pursuant to Local Rule 2014, notice of this application must be served upon the United States Trustee, the Debtor, the Debtor's attorney, the attorney for any committee appointed under the Code, and any other person designated by the Court.

12. The Debtor asserts that notice is hereby provided by the filing of this application via the Court's CM/ECF system, and any objections hereto must be filed **within 14 days of today's date**.

WHEREFORE, the Debtor requests an Order authorizing the employment of the above referenced professional in accordance with the terms and provisions of this application.

Dated this 8th day of September, 2021.          STEINHILBER SWANSON LLP

By:      */s/ Paul G. Swanson*
      Paul G. Swanson
      Attorney for the Debtor
      107 Church Avenue
      Oshkosh, WI 54901
      Tel: (920) 235-6690; Fax: (920) 426-5530

**Exhibit A**

Financial Advisory Engagement Letter



September 8, 2021

**PERSONAL & CONFIDENTIAL**

Anthony J. Tomaska
Managing Member
Palace Theater, LLC
564 Wisconsin Dells Pkwy S
Wisconsin Dells, WI 53965

Dear Tony:

Thank you for selecting HMP Advisory Holdings, LLC, dba Harney Partners ("HP") to provide financial advisory services to Palace Theater, LLC and 94 North Productions, LLC and their affiliates ("Client"). We appreciate your confidence in HP and want to ensure that we exceed your expectations with regard to the services we will provide. This letter agreement ("Agreement") will confirm Client's agreement to engage HP for the purpose of providing services on behalf of Client, as provided below.

SCOPE OF SERVICES

As requested by Client and agreed by HP, HP will provide Client with financial advisory services (the "Services"), including but not limited to the following:

- Compile monthly reports, perform projection and financial analysis, work on financial aspects of the reorganization of Client in its proceeding under Subchapter V of Chapter 11 of the Bankruptcy Code;

- Assist Client and Client's counsel in evaluating strategies for the reorganization;

- If requested by Clients or Clients' counsel, HP will negotiate with various stakeholders of the Client, including but not limited to, secured and unsecured creditors, regarding the possible financial restructuring of such stakeholders' claims or interests in the Client; and

- Such other activities as are approved by the Client or Client's counsel and agreed to by HP.

The Services to be provided by HP will encompass all services normally and reasonably associated with this type of engagement that we are requested and are able to provide and that are consistent with our ethical obligations and the scope of our engagement. As you know, the exercise of professional judgment requires an open dialogue. To provide you the best level of service, we ask you to timely disclose all pertinent material information to us.

COMPENSATION

For this engagement, HP has agreed to the following hourly rates for the following individuals, who are expected to perform most of the services hereunder:

HarneyPartners.com

Palace Theater
September 8, 2021
P a g e | 2

- Mac Rowland, Managing Director, $375 per hour.
- Cody Clarke, Senior Consultant, $225 per hour

Jim Keane, Chief Operating Officer, will also provide oversight and other services under this engagement at a discounted rate of $450 per hour. HP may use other professionals as necessary, at HP's customary hourly billing rates, which fall within the following ranges:

| Position | Rate per Hour |
| --- | --- |
| President / Executive Vice President/ COO | $500 – 600 |
| Managing Director | $400 – 500 |
| Senior Manager / Director | $300 – 400 |
| Manager | $250 – 350 |
| Senior Consultant | $175 – 300 |
| Support Staff | $80 – 200 |

The aforementioned rates and ranges are subject to modification at such time as HP adjusts its rates generally, but no more often than every six months.

HP will be reimbursed for the reasonable out-of-pocket expenses of its professionals incurred in connection with its services, such as travel, lodging, mileage, rental cars, and photocopying. All fees and expenses due to HP will be billed in accordance with any interim compensation orders entered by the Court, and the relevant sections of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

As part of this engagement, HP is taking over some of the duties of Martin Cowie who has been employed as accountant in Client's case under Subchapter V of Chapter 11 of the Bankruptcy Code (In re Palace Theater, LLC, Debtor, Case No. 21-11714, United States Bankruptcy Court for the Western District of Wisconsin ). Mr. Cowie has received a retainer from Client, some of which remains in trust pending Court approval of Mr. Cowie's fees and expenses-to-date in the Bankrutpcy Case. Client agrees that any amounts left in such trust which are not utilized to cover Mr. Cowie's fees and expenses-to-date in the case shall be available for HP's fees and expenses hereafter.

TERM

Either Professionals or the Client may terminate this Agreement at any time upon seven (7) days prior written notice to the other party. The termination of this Agreement shall not affect Client's obligation to pay (i) any compensation earned by HP up to the effective date of such termination, (ii) any compensation to be earned by HP after such termination as set forth below, or (iii) the reimbursement of expenses incurred by the HP prior to the expiration of the Term.

Palace Theater
September 8, 2021
P a g e | 3

---

COURT APPROVAL

Client agrees to promptly file an application seeking entry of an order approving this Agreement *nunc pro tunc* as soon as practicable and authorizing Client to retain and compensate HP pursuant to the terms of this Agreement as professional persons pursuant to sections 327 and 328(a) of the Bankruptcy Code, respectively, the Federal Rules of Bankruptcy Procedure, and any applicable local rules and orders of the Court. HP has the right to terminate its obligations under this Agreement if the Court does not promptly approve this Agreement in full *nunc pro tunc* or enters an order that either is inconsistent with any term(s) of this Agreement or that deletes any provision(s) of the Agreement that HP, in the exercise of its sole discretion, deems material to HP's services or compensation.

TERMS AND CONDITIONS

This Agreement incorporates the Standard Terms and Conditions set forth in the attached Exhibit "A."

APPROVAL

If this letter accurately represents the agreement between the parties, please sign as indicated below and return a PDF copy to jharney@harneypartners.com.

Sincerely,

*[signature]*

James E. Harney
President


ACCEPTED AND AGREED
PALACE THEATER, LLC AND 94 NORTH, LLC AND AFFILIATES

By: *[signature]*          Date: 9-8-21
Name: Anthony J. Tomaska
Title: Managing Member

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

In re:

    Palace Theater, LLC                            Case No. 21-11714
                                                           Chapter 11

                            Debtor.

**DECLARATION IN SUPPORT OF APPLICATION BY DEBTOR FOR AUTHORIZATION TO EMPLOY HARNEY PARTNERS AS FINANCIAL ADVISOR FOR THE ESTATE**

NOW COMES James G. Keane, Chief Operating Officer of HMP Advisory Holdings, LLC, dba Harney Partners ("HP"), who makes the following statement under penalty of perjury:

1. HP is a leading provider of management, consulting, financial and transaction advisory services and has a strong reputation for maximizing value for stakeholders in a variety of industries. HP has successfully advised other clients in various matters, both out of court and as a chapter 11 court-appointed professional. HP is a multi-disciplined financial advisory firm with leading practices in the areas of bankruptcy and financial restructuring. HP has extensive experience and knowledge in the fields of financial restructuring and turnaround services, including with respect to proceedings under Subchapter V of Chapter 11 of the Bankruptcy Code, sale transactions under section 363 of the Bankruptcy Code, selling companies and their assets, and the other services contemplated hereunder. HP has assisted numerous troubled companies and creditors both in workout situations and in bankruptcy proceedings. HP and its personnel have also acted as Chief Restructuring Officer in bankruptcy, Chapter 11 Trustee, Chapter 11 Post-Confirmation Trustee, Chapter 7 Trustee, and Receiver appointed by bankruptcy courts.

2. HP has offices located at Park Bank Plaza, 2810 Crossroads Drive, Suite 4000, Madison Wisconsin 53718, and at 1211 W. 22nd Street, Oak Brook Illinois, 60523.

3. The Debtor has asked that I perform the professional services as set forth on the Debtor's application for employment on behalf of the estate. I am experienced and qualified in the matters for which I am to be employed as set forth in the Application.

4. HP is not:

    a. a creditor, an equity security holder or an insider of the Debtor;

    b. an investment banker for any outstanding security of the Debtor;

    c. and have not been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the Debtor, or an attorney for an investment banker in connection with securities of the Debtor;

    d. and have not been, within the two years before the date of the filing of the petition in this case, a director, officer, or employee of the Debtor or an investment banker specified in subparagraph b or c; or

    e. in a position materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraph b or c, or for any other reason.

5. To the best of my knowledge, HP does not hold or represent any interest adverse to the interest of the estate. HP does not have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

    a. HP has been or is presently employed as financial advisor in other cases in which Steinhilber was or is debtor's counsel, including but not limited to attorneys

    Virginia George and Elizabeth Eddy, and has worked or is working with Steinhilber on other financial workout matters outside of bankruptcy as well.

    b. HP has worked in other matters both in and out of bankruptcy with attorneys currently at Steinhilber who were with other firms at the time of the engagements.

    c. HP has worked on other matters in which von Briesen & Roper, SC was involved.

    d. HP is serving as court appointed receiver in a Securities & Exchange Commission matter: *Securities and Exchange Commission v. Kevin B. Merrill, et al.*, Civil Action No. 18-cv-2844-RDB (D. Md. Filed September 13, 2018)

    e. A relative of one of the partners of HP works for the Internal Revenue Service as Deputy Division Counsel over Operations for the Large Business and International Division Counsel's Office.

6. Harney Partners has not shared or agreed to share, and will not share or agree to share, any compensation paid in connection herewith with any other entity or person.

7. Martin Cowie, who has served as Accountant for the Debtor, has received a retainer from Debtor in the amount of 35,000.00 for work performed up to the filing of the petition and thereafter. Of this retainer,$10,360.00 was applied against pre-petition fees and costs, and $24,640.00 is held in trust, pending authorization by the Bankruptcy Court of post-petition fees and costs in this case. HP will take over the duties of Martin Cowie as of the date hereof, and any amounts of this retainer over and above the post-petition fees and costs of Martin Cowie incurred prior to the date hereof will be available for the fees and costs of HP, pending authorization by the Bankruptcy Court.

8. The rates to be charges are as set forth in the Notice And Application By Debtor For Authority To Employ Harney Partners As Financial Advisor For The Estate. I understand that I must keep detailed records of time and expenses.

I verify, under penalty of perjury, that the foregoing is true and correct.

Executed on September 8, 2021.

By:       /s/      James G. Keane
     James G. Keane

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

In re:

    Palace Theater, LLC                            Case No. 21-11714
                                                                     Chapter 11

                                     Debtor.

**CERTIFICATE OF SERVICE FOR**
**NOTICE AND APPLICATION BY DEBTOR FOR AUTHORITY TO EMPLOY**
**HARNEY PARTNERS AS FINANCIAL ADVISOR FOR THE ESTATE**

STATE OF WISCONSIN     )
                                     )     SS
WINNEBAGO COUNTY     )

    Heather Saladin, being first duly sworn, on oath deposes and says that she is a paralegal with Steinhilber Swanson LLP, and that on September 8, 2021, she mailed a true copy of the *Notice and Application by Debtor for Authority to Employ Harney Partners as Financial Advisor for the Estate* in the above matter, via the Court's CM/ECF system, and mailed a copy of the same via first class mail, postage prepaid, to the parties below, thereby effecting service on all necessary parties:

Palace Theater, LLC
Attn: Anthony J. Tomaska, Member
564 Wisconsin Dells Parkway South
Wisconsin Dells, WI 53965

United States Trustee – via CM/ECF Only

William E. Wallo (Sub V Trustee) – via CM/ECF Only

                                                          */s/ Heather Saladin*
                                                          Heather Saladin

Subscribed and sworn to before me
This 8th day of September, 2021.

 */s/ Cynthia Krutke*
Cynthia Krutke, Notary Public
State of Wisconsin
My commission expires 01-03-2023