## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:  **Palace Theater, LLC,** | Case No. 21-11714 |
| Debtor. | Chapter 11 |

## NOTICE OF MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO:     (I) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE WESTERN DISTRICT OF WISCONSIN; (II) THE SUBCHAPTER V TRUSTEE; (III) COUNSEL TO THE SECURED LENDER; AND (IV) ALL PARTIES REQUESTING NOTICE PURSUANT TO BANKRUPTCY RULE 2002

**PLEASE TAKE NOTICE** that the above-captioned debtor and debtor in possession (the "Debtor") has filed the attached *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be filed on or before **October 26, 2021** with the U.S. Bankruptcy Court for the Western District of Wisconsin, 120 North Henry Street, Room 340, Madison, WI 53703-2559. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to:

| | |
|---|---|
| Office of the U.S. Trustee | Steinhilber Swanson LLP |
| 780 Regent Street, Suite 304 | 107 Church Ave. |
| Madison, WI  53715 | Oshkosh, WI 54901 |

Any response should state briefly the grounds for such objection and request a hearing date.

Dated this 5th day of October, 2021.          STEINHILBER SWANSON LLP
                                              Counsel to the Debtor

                                   By:      */s/ Paul G. Swanson*
                                           Paul G. Swanson
                                           Virginia E. George
                                           Beth M. Brockmeyer
                                           Elizabeth L. Eddy
                                           107 Church Ave.
                                           Oshkosh, WI 54901
                                           Tel: (920) 235-6690
                                           pswanson@steinhilberswanson.com
                                           vgeorge@steinhilberswanson.com
                                           bbrockmeyer@steinhilberswanson.com
                                           eeddy@steinhilberswanson.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

In re:  **Palace Theater, LLC,**                    Case No. 21-11714

                Debtor.                    Chapter 11

## DEBTOR'S MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Palace Theater, LLC, the debtor herein (the "Debtor"), hereby moves the Court for entry of an order establishing procedures for interim monthly compensation and reimbursement of expenses for Court-approved professionals (this "Motion"). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND BASES FOR RELIEF

1.      This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1). Venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C.A. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 331 and Fed. R. Bankr. P. 2014.

### BACKGROUND

**A.      General Background**

2.      On August 16, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case.

3.      The Debtor remains in possession of its property and is operating its business as a debtor in possession, pursuant to section 1182(2) of the Bankruptcy Code.

**B.      Appointment and Employment of Subchapter V Trustee and Professionals**

4.      5. On August 17, 2021, the U.S. Trustee for the Western District of Wisconsin ("UST") appointed William Wallo as Subchapter V Trustee. (Docket No. 8).

5.      The Debtor is authorized to employ Steinhilber Swanson LLP as counsel to the Debtor, effective as of the Petition Date, pursuant to the *Order Granting Application for Employment of Counsel to the Debtor*. (Docket No. 32).

6.      The Debtor is authorized to employ Harney Partners as financial advisor for the estate, effective as of September 8, 2021, pursuant to the *Order Granting Application by Debtor for Authority to Employ Harney Partners as Financial Advisor for the Estate*. (Docket No. 37).

**RELIEF REQUESTED**

7.      The Debtor seeks an order pursuant to sections 105(a) and 331 of the Bankruptcy Code, establishing procedures for the compensation and reimbursement of compensation and expenses, on a monthly basis, of the Subchapter V Trustee and of the professionals retained pursuant to the Court's orders (together, the "Professionals").  Such an order will streamline the compensation process and enable this Court and all other parties to effectively monitor the professional fees incurred in this chapter 11 case.

8.      Specifically, the Debtor proposes that the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

(a)      No earlier than the 15th day of each month, each Professional seeking interim allowance of its fees and expenses may file an application with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application") and serve a copy of such Monthly Fee Application by email on the U.S. Trustee, the Debtor, the Subchapter V Trustee, and such other parties as the Court may direct.

(b)      Within seven (7) days from the date that a Monthly Fee Application is served by email, any interested party receiving service by email may object by

filing an objection with the Court. Prior to filing any such objection, the objecting party shall confer in good faith with the Professional to attempt to resolve the objection. Any objections should state the specific fees to which the party is objecting and why.

(c)      For any fees to which there is no objection, a Professional may submit an order for interim approval and payment. Upon entry of the order, the Debtor shall be authorized to pay 80% of fees and 100% of expenses requested by the Professional.  If an objection is timely filed pursuant to subparagraph (b) above, the Debtor is authorized to seek entry of an order to pay the Professional 80% of the fees and 100% of the expenses requested and *not* subject to the objection.

(d)      Notwithstanding the foregoing, Professionals shall seek Court approval for all compensation on 120-day intervals, regardless of prior payments received on an interim basis under the terms of this Motion, with notice to all parties.

(e)      Professionals shall file final applications for compensation and reimbursement by such deadline as may be established by a confirmed plan or an order of the Court.

9.      The proposed Compensation Procedures will enable the Debtor to closely monitor the costs of administration and maintain a more level cash flow. Moreover, these procedures will allow the Court and the key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement requested.

## BASIS FOR RELIEF

10.      Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

11.      Absent an order of the Court, section 331 of the Bankruptcy Code limits the Professionals to be reimbursed for of fees and expenses only three (3) times per year.

12.     Congress's intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code: "[t]he court may permit more frequent applications if the circumstances warrant [and] is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330."  H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

13.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Thus, the Court has the authority to enter an order establishing procedures for interim compensation and reimbursement of expenses.

14.     The relief requested herein, if granted, will (a) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to monitor more closely the costs of administering these cases, (c) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtor's reorganization, and (d) permit the Debtor to better predict and manage its monthly cash needs.

15.     Accordingly, the Debtor submits that the relief requested is in the best interests of the Debtor, its creditors, and the estate.

*[The remainder of this page is intentionally blank.]*

Respectfully submitted:  October 4, 2021

STEINHILBER SWANSON LLP
*Counsel for the Debtor*

By:    */s/ Paul G. Swanson*
    Paul G. Swanson
    Virginia E. George
    Beth M. Brockmeyer
    Elizabeth L. Eddy
    107 Church Avenue
    Oshkosh, WI 54901
    Tel: (920) 235-6690
    pswanson@steinhilberswanson.com
    vgeorge@steinhilberswanson.com
    bbrockmeyer@steinhilberswanson.com
    eeddy@steinhilberswanson.com

## <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

In re:  **Palace Theater, LLC,**                                Case No. 21-11714

                    Debtor.                                          Chapter 11

**ORDER ESTABLISHING PROCEDURES FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtor and

debtor in possession (the "Debtor"); and this Court having found that it has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and this Court having found that venue of the

case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this

Court having found that notice of the Motion has been given as set forth in the Notice filed with

the Motion is adequate and no other or further notice need be given; and this Court having

determined that it may enter a final order consistent with Article III of the United States

Constitution; and this Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and that the

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

2

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Except as may otherwise be provided in orders of this Court authorizing the

retention of specific Professionals, all Professionals employed pursuant to order of this Court may

seek compensation for professional services rendered and reimbursement of expenses incurred in

accordance with the following Compensation Procedures:

> (a)      No earlier than the 15th day of each month, each Professional seeking interim allowance of its fees and expenses may file an application with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application") and serve a copy of such Monthly Fee Application by email on the U.S. Trustee, the Debtor, the Subchapter V Trustee, and such other parties as the Court may direct.

> (b)      Within seven (7) days from the date that a Monthly Fee Application is served by email, any interested party receiving service by email may object by filing an objection with the Court. Prior to filing any such objection, the objecting party shall confer in good faith with the Professional to attempt to resolve the objection. Any objections should state the specific fees to which the party is objecting and why.

> (c)      For any fees to which there is no objection, a Professional may submit an order for interim approval and payment. Upon entry of the order, the Debtor shall be authorized to pay 80% of fees and 100% of expenses requested by the Professional.  If an objection is timely filed pursuant to subparagraph (b) above, the Debtor is authorized to seek entry of an order to pay the Professional 80% of the fees and 100% of the expenses requested and *not* subject to the objection.

> (d)      Notwithstanding the foregoing, Professionals shall seek Court approval for all compensation on 120-day intervals, regardless of prior payments received on an interim basis under the terms of this Order, with notice to all parties.

(e)    Professionals shall file final applications for compensation and reimbursement by such deadline as may be established by a confirmed plan or an order of the Court.

3.    The Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports.

4.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5.    All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #