**EXHIBIT B**

## PROMISSORY NOTE

$267,475.00                                                                                       August 16, 2021

Principal Amount                                                        The "Loan Date"

       This Promissory Note (hereinafter this "Note") is made by PALACE THEATER, LLC, an Illinois limited liability company ("Borrower"), payable to the order of 94 NORTH PRODUCTIONS, LLC, an Illinois limited liability company ("Lender")

       1.      **Promise to Pay.** FOR VALUE RECEIVED, as follows Borrower promises to pay to the order of Lender the Principal Amount on the terms set forth in this Note.

       2.      **Principal Amount and Additional Amount**. Borrower and Lender agree that the Principal Amount due under this Note shall be paid in one lump sum on the date (the "Maturity Date") which is the earlier of: (a) the first anniversary of the Loan Date; or (b) the date on which the Borrower obtains loans available cash sufficient to repay this Note.

       3.      **Prepayment.** The Borrower may prepay the Loan in whole or in part at any time or from time to time without penalty or premium by paying the principal amount to be prepaid together with accrued interest thereon to the date of prepayment.

       4.      **Remedies.** Upon the occurrence of a default, Lender shall have all of its rights under applicable law to collect the amounts due under this Note. Lender's remedies under this Note shall be cumulative and concurrent and may be pursued singly, successively, or together against Borrower, and Lender may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained herein, all in Lender's sole discretion. Failure of Lender for any period of time or on more than one occasion to exercise any right shall not constitute a waiver of the right to exercise the same at any time during the continued existence of a default or in the event of any subsequent default. Lender shall not by any other omission or act be deemed to waive any of its rights or remedies hereunder unless such waiver is in writing and signed by Lender. and then only to the extent specifically set forth therein. A waiver in connection with one event shall not be construed as continuing or as a bar to or as a waiver of any right or remedy in connection with a subsequent event.

       5.      **Waivers, Etc**. Borrower agrees to be bound hereby and, to the extent provided herein, hereby: (a) waives presentment and demand for payment, notices of nonpayment and of dishonor, protest of dishonor, and notice of protest; (b) waive all notices in connection with this Note, except as expressly provided to the contrary herein, and all other notices in connection with the performance or enforcement of the payment hereof or hereunder; and (c) agrees that Lender's failure, at any time or times hereafter, to require strict performance by Borrower of any provision of this Note shall not constitute a waiver, or affect or diminish any right of Lender thereafter under this Note.

       6.      **Miscellaneous.** This Note shall he interpreted, in accordance with the laws of the State of Illinois without regard to the principles of conflicts of law. BORROWER AND LENDER



HEREBY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION CONNECTED WITH THIS NOTE. This Note shall be binding upon any assigns of Borrower but cannot be assigned by Borrower without Lender's prior written consent. Lender may freely assign its interests in the Note without Borrower's consent. No amendment, modification or waiver of this Note or any provisions hereof shall be effective unless the same shall be in writing and signed by the parties hereto. This Note may be executed by facsimile or other electronic means and (when so executed) shall be deemed an original for all purposes.

    IN WITNESS WHEREOF, the undersigned Borrower has made this Promissory Note in favor of Lender as of the date first set forth above.

                                      PALACE THEATER LLC, an Illinois limited liability company

                                      By: _____
                                             Anthony J. Tomaska, Manager