UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re | ) |
| | ) |
| **PALACE THEATER, LLC** | )   Case No.  21-11714-rmb |
| | ) |
| Debtor. | ) |
| | ) |

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO APPROVE/ESTABLISH PROCEDURES FOR INTERIM COMPENSATION

The United States Trustee, Patrick S. Layng, by his attorney, Tiffany E. Rodriguez, objects to the Motion to Approve/Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professional filed by the debtor in this case, Palace Theater, LLC ("Debtor") on October 5, 2021 (Dkt. 43). In support thereof, the United States Trustee states the following:

1.    The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code on August 16, 2021. William Wallo ("Trustee Wallo") was appointed the subchapter V trustee on August 17, 2021 (Dkt. 8).

2.    The Debtor filed an application to employ Steinhilber Swanson LLP ("Steinhilber") as counsel for the Debtor and that employment was approved by the Court on September 10, 2021 (Dkt. 32).

3.    The Debtor filed an application to employ Martin J. Cowie ("Cowie") as accountant for the estate and his retention was approved by the Court on September 10, 2021 (Dkt. 31).

4.    The Debtor then filed an application to employ Harney Partners ("Harney") as the Financial Advisor for the estate and the application clarified that Harney would be replacing Cowie as the financial professional (Dkt. 29). Harney's retention was approved by the Court on September 17, 2021 (Dkt. 37).

5. The Motion to Approve/Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professional ("Motion") was filed October 5, 2021.

6. The United States Trustee objects to the Motion because the procedures requested are unreasonable and unnecessary.

7. Paragraph 8 of the Motion outlines the procedures for the interim compensation and the procedures include a request that parties in interest shall only have 7 days to review monthly fee applications. Specifically, the Motion requests that: "within seven (7) days from the date that a Monthly Fee Application is served by email, any interested party receiving service by email may object by filing an objection with the Court."

8. Bankruptcy Rule 2002(a)(6) specifies that twenty-one day notice must be provided for "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000."

9. The requested period of 7 days for parties in interest to review the Monthly Fee Applications is contrary to Rule 2002(a)(6); no cause to shorten the 21-day period is provided in the Motion; and the U.S. Trustee does not believe there is any cause to shorten from 21 days.

10. The Motion asserts that the interim compensation procedures are being requested to "streamline the compensation process and enable this Court and all other parties to effectively monitor the professional fees incurred in this Chapter 11 case." Paragraph 7 of the Motion.

11. In addition, the Debtor claims that the "proposed Compensation Procedures will enable the Debtor to closely monitor the costs or administration and maintain a more level cash flow…[and] will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement requested." Paragraph 9 of the Motion.

12. Filing monthly fee applications and shortening the notice period from 21 days to 7 does not advance these interests.

13. Section 331 establishes the general rule that fee applications may be filed not more than once every 120 days, with the exception "or more often if the court permits." In enacting Section 331, the legislature intended that the exception of "or more often" fee applications be limited to cases where the circumstances warrant more frequent applications, "such as in very large cases where … work is extensive and merits more frequent payments." H.R. Rep. No. 95-595, at 330 (1987); *See also, In re Mariner Post-Acute Network, Inc.,* 257 B.R. 723, 727 (Bankr. D. Del. 2000) (noting that large bankruptcy cases are generally appropriate for more frequent fee applications).

14. This is a small subchapter V case. Monthly fee requests, and any associated resolution of objections, will increase the administrative burden on this Debtor.

15. In paragraph 14 of the Motion, the Debtor states that the Interim Procedures will "substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications." Contrary to this intent, implementing only 7 days' notice imposes a burden on parties in interest to immediately review Monthly Fee Applications.

16. Not only does the Motion seek only 7 days for a party in interest to object, the Procedures requested also state that a party in interest shall try to resolve that objection in the same 7-day window. Reviewing multiple fee applications, detailing objections, and obtaining responses from all interested parties in 7 days is unreasonable.

17. Allowing alternate compensation procedures that vary from section 331 should be determined and reviewed on a case-by-case basis. As summarized by one Court, "although Section 331, in rare cases and with leave of court, authorizes monthly applications for the allowance of compensation, it does not authorize payment of a professional's compensation until the court reviews the application under the standards set forth in Section 330 and allows disbursement

after notice and an opportunity for objections to be heard." *In re Commercial Fin. Servs.*, 231 B.R. 351, 355-56 (Bankr. N.D. Okla. 1999).

18. The Motion does not provide sufficient notice and opportunity for objections to be heard. As outlined above, the 7 days provided is not a reasonable notice period, and further, the Motion does not provide any procedure for objections to be heard. The Motion has no procedure for resolving filed objections.

19. Upon information and belief, the compensation procedure has been requested by Harney rather than any of the other professionals.

20. Harney is a large, national firm and it is very unlikely that this firm would rely on compensation from one small business case in order to meet its obligations or face a hardship if this Motion is not approved as proposed.

21. As outlined in Harney's application to be employed, they have substantial bankruptcy experience and should be familiar with the bankruptcy rules regarding compensation.

22. The Motion does not state or provide any information on what financial burdens any professional would experience if they have to wait 120 days to file a fee application. If the Court approves monthly applications, there is also no information on what financial burdens a profession would face if they have to wait 21 days instead of 7 to receive payment.

23. A blanket statement that the procedures will "diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtor's reorganization" without any factual support does not establish that any professional in this case is actually facing a financial burden or financing the cost of reorganization.

24. The Motion also fails to mention that the Debtor paid large prepetition retainers for Professionals.

25. On the statement of financial affairs[1], the Debtor reported that it was holding $24,640 in trust for a financial advisor[2] and $74,982 is held in trust for attorneys' fees.

26. A first and final fee application has been filed for Mr. Cowie and he has requested a total of $2,164.50 in fees. After payment of these fees, there remains $22,475.50 in trust for the payment of Harney's professional fees, and the entire retainer remains in place for Steinhilber.

27. The retainers provide protection against the concerns that a Professional may end up "financing the reorganization".

28. The Motion does not allege good cause for the alternate payment procedures as proposed. The U.S. Trustee requests the Motion be denied unless the notice period for review of all Interim Monthly Application is set at 21 days.

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an order denying the Motion to Approve/Establish Procedures for Interim Compensation, and for any other relief this Court deems just.

Dated: October 18, 2021                                Respectfully submitted,

                                                       PATRICK S. LAYNG
                                                       United States Trustee

                                              BY:      /s/ Tiffany E. Rodriguez
                                                       Tiffany E. Rodriguez
Office of the U.S. Trustee                             Attorney for U.S. Trustee
780 Regent St., Suite 304
Madison, WI 53715
(608) 264-5522
Tiffany.Rodriguez@usdoj.gov

---

[1] Also as disclosed in the various applications for employment.
[2] As of the petition date these funds were being held for benefit of Martin Cowie, but as stated in Harney's Employment Application the balance of that retainer after payment to Martin Cowie is now assigned to Harney.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Objection to Debtor's Motion to Approve Alternative Compensation Guidelines have been served on October 18, 2021, via electronic mail by the Clerk's Office to the Debtor's attorneys, Steinhilber Swanson, LLP and all other parties requesting electronic notice.

*/s/ Gail Dallman*
GAIL DALLMAN
Paralegal