UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re ) | |
| ) | |
| **PALACE THEATER, LLC** ) | Case No. 21-11714-rmb |
| ) | |
| Debtor. ) | |
| ) | |

# UNITED STATES TRUSTEE'S OBJECTION TO INTERIM APPLICATION FOR ALLOWANCE OF FEES AND COSTS BY HARNEY PARTNERS

The United States Trustee, Patrick S. Layng, by his attorney, Tiffany E. Rodriguez, objects to the Interim Application for Allowance of Fees and Costs by Harney Partners (Dkt. 108). In support thereof, the United States Trustee states the following:

1. Harney Partners filed this Application on December 28, 2021, seeking a total of $172,695.80 in fees and $14,184.43 in costs for the period of August 16 through December 14, 2021.

2. The U.S. Trustee objects to expenses related to travel and for time entries that may be duplicative or administrative in nature, as detailed below.

3. Included in the invoice for expenses is airfare and airport parking totaling $5,179.05. The receipts provided to the U.S. Trustee for airfare show the flights were to and from Chicago to Traverse City. The U.S. Trustee does not have receipts for all of the airfare expenses, but upon information and belief, they are all for travel to and from Traverse City and Chicago.

4. In response to concerns raised by the U.S. Trustee to these expenses, Harney explained that the primary individual working on the case resides in Traverse City and

1

that the quickest route of travel is to fly from Traverse City to Chicago and then drive a rental car from Chicago to Palace Theater in the Dells.

5. The application to employ Harney Partners stated that they will be reimbursed for "reasonable" travel expenses. The travel expenses for airfare, and airfare related expenses, in this case are unreasonable.

6. Filed with the application to employ was a declaration signed by James Keane. In the declaration, it was explained that Harney had office locations in both Madison, Wisconsin and Oak Brook, Illinois. Based on this declaration, it is reasonable to conclude that travel expenses would be from Oak Brook to the Dells or from Madison to the Dells.

7. The anticipated travel expenses should have been disclosed in the employment application. The U.S. Trustee believes all travel related expenses from and to Traverse City, Michigan are unreasonable and unnecessary.

8. Included in the fees is a total of 30.7 hours for travel, billed at half the hourly rate, totaling $8,191.25. Most of these entries are just over 5 hours for travel to client location from home or from home to client location. Additional information is needed on these travel time entries. For example, does this time billed include the time driving to the airport and the flight time? Does it include wait time at the airport? Travel from Palace Theater to Chicago airport is approximately 2.5 to 3 hours and the flight from Chicago to Traverse City is approximately 1.5 hours. This travel time of 4.5 hours does not match the time of over 5 hours billed. It is not possible to assess the reasonableness of these fees without additional information.

9. There are also time entries billed at the higher hourly rate for what appear to be administrative tasks or tasks unrelated to financial advising. These time entries include:

   a. 9/22: "set up workspace, make appt to meet with client EE Kurt." .3;

   b. 9/23: "relocate my work area. Morning introduction to client employee, Kurt." .3 hours for a total of $60;

   c. 9/28: "record 9/27/21 mail received" billed at .6 for a total of $120;

   d. 9/28: "open and record 9/28/21 mail" billed at .6 for a total of $120;

   e. 9/30: "open and record today's mail" billed at .5 for a total of $100;

   f. 11/5: "gather expense documentation per US Trustee request" billed .6 hours at $375 an hour for $337.50;

   g. 11/23: "open mail, review correspondence from McCarthy, Burgess, & Wolff" billed at 1 hour for a total of $200;

   h. 11/29: "open mail from last week" billed at .4 for a total of $80;

   i. 12/7: "open mail from past several days" billed at .7 for a total of $140;

10. The U.S. Trustee believes additional information is needed on the time entries detailed above to determine if those fees were reasonable and necessary.

11. On November 11, 2021, there was also time billed for responding to "Fee app questions from US Trustee" billed at .6 hours for a total of $225. Time spent responding to the fee invoices do not benefit the estate and should not be billed to the estate.

3

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Fee Application for the amounts detailed above and for any further relief this Court deems just and reasonable.

Dated: January 12, 2022 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　PATRICK S. LAYNG
　　　　　　　　　　　　　　　　　　　　　　　　United States Trustee

　　　　　　　　　　　　　　　　　　BY:　　*/s/ Tiffany E. Rodriguez*
　　　　　　　　　　　　　　　　　　　　　　Tiffany E. Rodriguez
Office of the U.S. Trustee　　　　　　　　　　Attorney for U.S. Trustee
780 Regent St., Suite 304
Madison, WI 53715
(608) 264-5522
Tiffany.Rodriguez@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Objection to Harney Partners Interim Application for Allowance of Fees has been served on January 12, 2022, via electronic mail by the Clerk's Office to the Debtor's attorneys, Steinhilber Swanson, LLP and all other parties requesting electronic notice.


    */s/ Gail Dallman*
GAIL DALLMAN
Paralegal Specialist